# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>         *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>U.S. FOOD AND DRUG ADMINISTRATION,<br>10903 New Hampshire Avenue<br>White Oak, MD 20903<br><br>NATIONAL INSTITUTE OF ALLERGY AND<br>INFECTIOUS DISEASES,<br>5601 Fishers Lane<br>Rockville, MD 20892<br><br>and<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES,<br>7500 Security Boulevard<br>Baltimore, MD 21244<br><br>         *Defendants*. | Case No. 20-1063 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Health and Human Services and three of its components—the U.S. Food and Drug Administration, the National Institute of Allergy and Infectious Diseases, and the Centers for Medicare and Medicaid Services—under the Freedom of Information Act, 5 U.S.C. § 552

1

(FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C.,

and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

7. Defendant the U.S. Food and Drug Administration (FDA) is a component of HHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FDA has possession, custody, and control of records that American Oversight seeks.

8. Defendant the National Institute of Allergy and Infectious Diseases (NIAID) is a component of the National Institutes of Health, which is a component of HHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). NIAID has possession, custody, and control of records that American Oversight seeks.

9. Defendant the Centers for Medicare and Medicaid Services (CMS) is a component of HHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CMS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

*White House Communications Directives Request*

10. On March 2, 2020, American Oversight submitted a FOIA request to HHS and NIAID via email, and to FDA, via facsimile, seeking:

> All final directives, orders, decision memoranda, or guidance from President Trump, Vice President Pence, or any staff of the Executive Office of the President (including anyone on White House Staff, in the Office of the Vice President, or on the staff of the National Security Council) regarding public statements, public appearances, website updates or changes, or communications or press strategy on the coronavirus, COVID-19.

11. This "White House Communications Directives Request" sought all responsive records from January 30, 2020, through the date of the search.

12. This request further stated that American Oversight believes that, "[a]t a minimum, a search for responsive records should include a search of the files of the head office, as well as any press or communications office(s), for your agency."

13. American Oversight also asked that its request be "assigned to a Simple processing track" since it was "limited to final directives, orders, decision memoranda, or guidance from a recent, short period of time concerning a narrow range of high-profile subject matters."

14. In a letter dated March 23, 2020, HHS acknowledged receipt of the White House Communications Directives Request and assigned it tracking number 2020-00754-FOIA-OS.

15. As of the date of this Complaint, American Oversight has not received any further communication from HHS regarding its White House Communications Directives Request.

16. As of the date of this Complaint, American Oversight has not received any communication from FDA or NIAID regarding its White House Communications Directives Request.

*HHS Communications Directives Request*

17. On March 3, 2020, American Oversight submitted a FOIA request to HHS and NIAID via email, and to FDA, via facsimile, seeking:

> All final directives, orders, decision memoranda, or guidance provided by HHS leadership—both by the Office of the Secretary and the head offices of HHS components, including the Centers for Disease Control and Prevention (CDC), the National Institute of Health (NIH), the National Institute of Allergy and Infectious Diseases (NIAID), or the Food and Drug Administration (FDA)— regarding public statements, public appearances, website changes or updates, or communications or press strategy on the coronavirus, COVID-19. This request includes but is not limited to any final directives, orders, decision memoranda, or guidance originating within HHS or components that were sent to other agencies on this topic.

18. This "HHS Communications Directives Request" sought all responsive records from January 30, 2020, through the date of the search.

19. This request further stated that American Oversight believes that, "[a]t a minimum, a search for responsive records should include a search of the files of your agencies' head office, office of public affairs, and anyone serving as an agency point of contact for the coronavirus task force."

20. American Oversight also asked that its request be "assigned to a Simple processing track" since it was "limited to final directives, orders, decision memoranda, or guidance from a recent, short period of time concerning a narrow range of high-profile subject matters."

21. On March 4, 2020, American Oversight received an email from HHS assigning the HHS Communications Directives Request tracking number 020-00618-FOIA-PHS.

22. On March 6, 2020, American Oversight received an email from HHS stating that the tracking number for the HHS Communications Directives Request was changed to 2020-00618-FOIA-OS.

23. In a letter dated March 4, 2020, FDA acknowledged receipt of the HHS Communications Directives Request and assigned it tracking number 2020-1977.

24. As of the date of this Complaint, American Oversight has not received any further communication from HHS or FDA regarding its HHS Communications Directives Request.

25. As of the date of this Complaint, American Oversight has not received any communication from NIAID regarding its HHS Communications Directives Request.

*Coronavirus Task Force Requests*

26.  On March 5, 2020, American Oversight submitted a set of FOIA requests to HHS, NIAID, and CMS, via email, and to FDA, via facsimile, seeking all email communications between specified agency officials and specified Executive Office of the President (EOP) officials, from January 30, 2020, through the date of the search.

27.  With respect to HHS, the specified agency officials are as follows:

  i. Secretary Alex Azar
  ii. Assistant Secretary for Preparedness and Response Robert Kadlec
  iii. Assistant Secretary for Health Brett Giroir
  iv. Surgeon General Jerome Adams
  v. Director of the Biomedical Advanced Research and Development Authority Rich [sic] Bright
  vi. Anyone serving as White House Liaison or agency point of contact for the coronavirus task force

28.  With respect to NIAID, the specified agency officials are "Director of the National Institute of Allergy and Infectious Diseases Anthony Fauci or anyone serving as White House Liaison or agency point of contact for the coronavirus task force."

29.  With respect to CMS, the specified agency officials are as follows:

  i. Administrator Seem Verma
  ii. Deputy Administrator Brady Brookes
  iii. Anyone serving as White House Liaison or agency point of contact for the coronavirus task force

30.  With respect to FDA, the specified agency officials are as follows:

  i. Commissioner Stephen Hahn
  ii. Principal Deputy Commissioner Amy Abernethy
  iii. Director of the Center for Drug Evaluation and Research Janet Woodcock
  iv. Director of the Center for Devices and Radiological Health Jeff Shuren
  v. Anyone serving as White House Liaison or agency point of contact for the coronavirus task force

31. The EOP officials specified in these requests, all of whom reportedly serve on or provide support to the White House coronavirus task force, are as follows:

   i. Vice President Mike Pence
   ii. National Security Advisor Robert O'Brien
   iii. Assistant to the President and Deputy National Security Advisor Matthew Pottinger
   iv. Assistant to the President and Senior Advisor to the Chief of Staff Robert Blair
   v. Assistant to the President and Director of the Domestic Policy Council Joseph Grogan
   vi. Assistant to the President and Deputy Chief of Staff for Policy Coordination Christopher Liddell
   vii. Director of the National Economic Council Larry Kudlow
   viii. White House Coronavirus Response Coordinator Deborah Birx
   ix. Press Secretary Katie Miller (formerly Katie Waldman)
   x. Director of the White House Office of Science and Technology Policy Kelvin Droegmeier

32. In a letter dated March 6, 2020, HHS acknowledged receipt of this request and assigned it tracking number 2020-00634-FOIA-OS.

33. In a letter dated March 6, 2020, NIAID acknowledged receipt of the request and assigned it tracking number 53694.

34. In a letter dated March 9, 2020, CMS acknowledged receipt of this request and assigned it Control Number 030520207113 and the PIN "NKDS." In its response, CMS stated that this request "will require the additional processing time of ten (10) business days due to unusual circumstances."

35. Upon request by FDA, to accommodate teleworking employees, American Oversight resubmitted its request to FDA on March 12, 2020, via the agency's online portal.

36. In an email dated March 25, 2020, FDA acknowledged receipt of this request and assigned it tracking number 2020-2523.

37. On April 1, 2020, HHS emailed American Oversight to ask whether American Oversight intended to include search terms as part of its request. American Oversight responded the following day that it did not.

38. As of the date of this Complaint, American Oversight has not received any further communication from HHS, FDA, NIAID, or CMS regarding these "Coronavirus Task Force Requests."

*Exhaustion of Administrative Remedies*

39. As of the date of this Complaint, Defendants HHS, FDA, NIAID, and CMS have failed to (a) notify American Oversight of any determinations regarding American Oversight's FOIA requests, including the full scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

40. Through Defendants' failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

41. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42. American Oversight properly requested records within the possession, custody, and control of Defendants.

43. Defendants are an agency, and components thereof, subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

44. Defendants have failed to promptly and adequately review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

45. Defendants' failures to conduct adequate searches for responsive records violate FOIA.

46. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

47. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48. American Oversight properly requested records within the possession, custody, and control of Defendants.

49. Defendants are an agency, and components thereof, subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

50. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

51. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

52. Defendants' failures to provide all non-exempt responsive records violate FOIA.

53. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 23, 2020	Respectfully submitted,

*/s/ Christine H. Monahan*
Christine H. Monahan
D.C. Bar No. 1035590

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
christine.monahan@americanoversight.org
*Counsel for Plaintiff*